UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRENT THEODORE CHERNE and SHERYL LYNN CHERNE, | ) ) | Bankr. Case No. 12-02327-JDP |
| | ) | |
| | ) | |
| Debtors. | ) | |
| ——————————————— | ) | |
| | ) | |
| BRENT THEODORE CHERNE and SHERYL LYNN CHERNE, husband and wife, | ) ) ) | |
| | ) | District Case No. 1:14-cv-00356-EJL |
| | ) | |
| Debtors/Appellants, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM DECISION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, | ) ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |
| ——————————————— | ) | |

Pending before the Court in the above-entitled matter is an appeal by Brent Theodore Cherne and Sheryl Lynn Cherne (collectively referred to as Debtors) regarding the Bankruptcy Court's Order of August 7, 2014, granting the Internal Revenue Service's (IRS) motion for summary judgment, denying Debtors' motion for summary judgment and overruling Debtors' objection the IRS's Proof of Claim and allowing the Proof of Claim. (Dkt. 74). A Notice of Appeal was timely filed by Debtors on August 19, 2014. (Dkt. 75).

MEMORANDUM DECISION AND ORDER - 1

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## JURISDICTION

This Court has jurisdiction to resolve this appeal pursuant to 28 U.S.C. § 158(a) and Fed. R. Bank. P. 8013.

## FACTUAL BACKGROUND

The facts are not disputed in this matter. Chapter 7 Debtors objected to the IRS' proof of claim regarding unpaid employment taxes by Florence Hospital. The Court will adopt and incorporate the relevant facts to the challenge to the IRS proof of claim set forth in the Bankruptcy Court's Memorandum of Decision (Dkt. 73, pp. 2-9):

 Brent Cherne is an accountant who has worked primarily in the healthcare industry since obtaining his certified public accountant designation in 1984. Mr. Cherne formed Florence Hospital, LLC (Florence Hospital) in 2009, to operate a hospital in Florence, Arizona. The sole member of Florence Hospital was Healthcare of Florence, LLC, also formed in 2009, which held title to the real property upon which Florence Hospital operated. According to its operating agreement, Florence Hospital was

MEMORANDUM DECISION AND ORDER - 2

managed by Initiatives Healthcare, LLC (Initiatives). Initiatives, in turn, was the majority

interest holder in Healthcare of Florence, LLC. Mr. Cherne held a 25% ownership interest

in Initiatives, was the Chief Financial Officer (CFO) of Initiatives, and was a board

member of Florence Hospital. Initiatives had "authority to conduct and be responsible for

the day to day activities of [Florence Hospital], subject to the direction of the Board of

Members." Operating Agreement of Florence Hospital, LLC, Dkt. No. 57-2 at 7.

As the CFO of Initiatives, the manager of Florence Hospital, Mr. Cherne was

authorized to receive a salary of $180,000 per year, however, he was never paid that

much during Florence Hospital's existence. Mr. Cherne's responsibilities as CFO in 2009

required him to secure financing of, and investors in, the hospital enterprise. He was also

tasked to establish the books and records for Florence Hospital, which included a

general ledger and other records used to produce periodic financial statements.

In 2010, Florence Hospital hired more than one CFO, each of whom Mr. Cherne

supervised while he was still attempting to obtain financing for the hospital. Mr. Cherne

was also involved in hiring other Florence Hospital staff. Sometime in 2010, Mr. Cherne

began to loan his personal funds to Florence Hospital for a total amount of more than

$500,000. In addition, Mr. Cherne personally guaranteed about $30 million in loans

given to Florence Hospital.

Throughout its existence, and during this time in particular, Mr. Cherne negotiated

loans on behalf of Florence Hospital; he had signature authority on all of the hospital fs

bank accounts in Idaho and Arizona; he helped prepare and signed the quarterly federal

MEMORANDUM DECISION AND ORDER - 3

payroll tax returns of the hospital; and he prepared the company's periodic financial

statements, which at the times relevant here, disclosed that the hospital was not

paying its payroll taxes.

From almost its inception in 2009, Florence Hospital struggled financially. It soon

fell into default on its obligations to its primary lender, Clearwater, which had loaned

Florence Hospital in excess of $10 million for the construction of the hospital.[1] Despite

Florence Hospital's default, Clearwater offered to loan additional money to the hospital

so long as Clearwater could exercise significant control of the hospital's spending.

Florence Hospital apparently acceded to this arrangement, referred to by the parties as the

"lock box," although the parties' agreement was not reduced to writing. However, it is

undisputed that the parties agreed that Clearwater would be allowed to review in advance,

and to approve the payment of, all of Florence Hospital  fs operating expenses and bills.

To accomplish this, officers of Florence Hospital would list all of the outstanding

expenses to be paid, and send the list to Mr. Cherne and representatives of Clearwater. A

conference call would then be held during which Mr. Cherne, other officers of Florence

Hospital, and representatives of Clearwater would discuss the list of expenses and

determine which bills would be paid. After some time for reflection, a second conference

call was held during which Clearwater would instruct which payments were to be made.

With this approval, Clearwater would transfer an appropriate amount of funds to Florence

_____

[1]The nature and extent of any security held by Clearwater for its loan to Florence
Hospital is not clear.

MEMORANDUM DECISION AND ORDER - 4

Hospital's bank accounts to facilitate the payments. Florence Hospital employees would then distribute the Clearwater-authorized payments to creditors.

In 2011, and through 2012, Florence Hospital did not have the cash to pay all of its operating expenses, even with Clearwater's help, and as a result, only the "most urgent" bills were paid in order to keep the hospital's doors open. Trans., Depo. of Brent Cherne, Dkt. No. 57-1, Exh. 200 at 21, lines 8-17. Most importantly, during this time, the hospital did not pay accruing federal payroll taxes. Mr. Cherne participated in the process of determining which hospital expenses and bills would be paid (or not), and he was keenly aware that the hospital's required federal payroll taxes were accruing, due, but unpaid.[2]

Eventually, Florence Hospital was forced to cease operations and file for chapter 11 bankruptcy protection in the District of Arizona. In 2012, following the dismissal of its bankruptcy case, Florence Hospital was administratively dissolved.

Debtors filed this chapter 7 case on September 21, 2012. Dkt. No. 1. On April 16, 2013, when IRS had not done so, Debtors filed a priority proof of claim on behalf of IRS for what they estimated were $800,000 in unpaid Florence Hospital payroll taxes. Claim No. 6-1. On June 10, 2013, Debtors filed an Amended Objection to that proof of claim in

---

[2]Just as one example of the role he played, and of the extent of his knowledge of the impact of these spending decisions, Mr. Cherne authored a January 26, 2011 email to a representative at Clearwater in which he noted that Florence Hospital had a number of outstanding bills at that time, including federal payroll taxes, but stated, "I would suggest for this week paying everything in the above list except the [payroll] taxes and the 34 other vendors." Dkt. No. 57-7, Exh. 206 at 1.

MEMORANDUM DECISION AND ORDER - 5

which they argued that Mr. Cherne was not personally liable for the payroll taxes. Dkt.

No. 37. In response to all of this, IRS then filed an amended the proof of claim

to increase the amount due to $1,252,215.01 as a priority claim for outstanding payroll

taxes and penalties owed by Florence Hospital for the fourth quarter of 2009, all of 2011,

and the first quarter of 2012. Claim No. 6-2. On February 18, 2014, IRS amended the

proof of claim again, to eliminate the payroll tax liability it had claimed for the fourth

quarter of 2009, resulting in a balance of $905,402.00. Claim No. 6-3.

## STANDARD OF REVIEW

The Bankruptcy Court ruled on cross-motions for summary judgment in which the

material facts were undisputed, therefore the standard of review is de novo. *Darring v.*

*Kincheloe*, 783. F.2d 874, 876 (9th Cir. 1986); *Tobin v. San Souci Ltd. P'ship (In re*

*Tobin)*, 258 B.R. 199 (9th Cir. BAP 2001).

## ANALYSIS

The issue on appeal is whether the Bankruptcy Court erred in determining Mr.

Cherne was a "responsible person" for purposes of 26 U.S.C. § 6672 who willfully failed

to pay over the IRS Florence Hospital's withholding taxes. Section 6672 provides in

pertinent part:

> Any person required to collect, truthfully account for, and pay over
> any tax imposed by this title who willfully fails to collect such tax or
> truthfully account for and pay over such tax . . . shall . . .be liable to a

MEMORANDUM DECISION AND ORDER - 6

penalty equal to the total amount of tax evaded, or not collected, or not accounted for and paid over.

1. Responsible Person

Mr. Cherne argues on appeal he had no "control" over the payment of the taxes after the agreement with Clearwater was made, so he should not be considered a responsible person. The Court finds the case law is clear that under the facts of this case Mr. Cherne was a "responsible person."[3] *See, Purcell v. United States*, 1 F.3d 932, 936 (9th Cir. 1993); *United States v. Jones*, 33 F.3d 1137, 1140 (9th Cir. 1994). It would be hard to find a person more intertwined in the daily financial challenges of Florence Hospital than Mr. Cherne.  Mr. Cherne exercised "significant control" over Florence Hospital's financial affairs as CFO of Initiatives, and a board member of Florence Hospital. It is undisputed his specific duties included check-signing authority, preparation of financial statements, supervision of operating and financial officers of Florence Hospital. He was acutely aware of all creditors and specifically aware of the delinquent IRS taxes. He also worked directly with  Florence Hospital and Clearwater in determining which creditors should get paid. The lack of control argument related to which creditors

---

[3]In fact, the Bankruptcy Court noted in its Memorandum Decision that the "responsible person" issue was all but conceded by Debtors during oral argument. Dkt. 73, p.9, n.6.

MEMORANDUM DECISION AND ORDER - 7

to pay may be relevant to the wilfulness requirement, but it is not applicable to whether or not Mr. Cherne was a "responsible party" as Mr. Cherne had significant control over Florence Hospital's finances including tax payments.

2. Wilfulness

For this Court, the crux of this appeal is whether the undisputed facts support a finding Mr. Cherne "willfully" failed to pay the employee taxes to the IRS. Mr. Cherne argues the "encumbered" assets exception should apply to the facts of this case. The Court respectfully disagrees.

*Nakano v. United States*, 742 F.3d 1208 (9th Cir. 2014) is instructive as to the wilfulness analysis.  "In general' [w]ilfulness, within the meaning of § 6672, has been defined as a voluntary, conscious and intentional act to prefer other creditors over the United States." *Id.* at 1211, citing *Davis v. United States*, 961 F.2d 867, 871 (9th Cir. 1992). A responsible person need not have acted with bad motive or intent to defraud in preferring a creditor or creditors over the United States. *Davis* at 871.

In *Phillips v. United States Internal Revenue Service*, 73 F/3d 939 942 (9th Cir. 1996), the Court held: "If a responsible person knows that withholding taxes are delinquent, and uses corporate funds to pay other expenses, even to meet the payroll out of personal funds he lends to the corporation, our precedents require that the failure to pay withholding tax be deemed 'wilful.'"

MEMORANDUM DECISION AND ORDER - 8

The *Nakano* Court went on to state that other circuits have addressed what would constitute non-payment for which a responsible person's actions would *not* be considered wilful: "only a legal prohibition on the expenditure of funds renders the assets encumbered" and unavailable for payment of withholding taxes due. *Nakano* at 1212.

In this case, Mr. Cherne argues the agreement to allow Clearwater to control which Florence Hospital payables were paid and when created a situation where encumbered funds prevented him from wilfully paying the withheld taxes. The problem with this argument is that the informal and unwritten lock box arrangement with Clearwater did not create a superior interest to the IRS interest in the withheld taxes. "[F]unds are encumbered only where the taxpayer is legally obligated to use the funds for a purpose other than satisfying the preexisting employment tax liability and that legal obligation is superior to the interest of the IRS in the funds." *Nakano* at 1212 citing *Honey v. United States,* 963 F.2d 1083, 1090 (8th Cir. 1992). Mr. Cherne, as a CPA and CFO, was well-aware that withheld taxes are a priority payment of employers before other creditors. There is nothing in the "lock box' agreement with Clearwater that allows Florence Hospital the "legal" authority to circumvent the superior interest of the IRS. Restrictions by a third party creditor cannot change the legal obligations of an employer to the IRS without the IRS' consent to a change in the legal obligations. The withheld taxes are held in trust by the employer and are never the employer's to use for other operating expenses. Clearwater's control over disbursements does not shield otherwise responsible officers and directors from liability under § 6672. *See Kalb v. United States*, 505 F.2d 506,511

MEMORANDUM DECISION AND ORDER - 9

(2nd Cir. 1974). Simply put, Mr. Cherne cannot delegate away his responsibilities based on an unwritten agreement with a creditor who does not have a superior interest to the IRS' interest in the tax monies held in trust.

Mr. Cherne's argument Florence Hospital would have been subject to fraud, theft or embezzlement claims if it used Clearwater funds for IRS payables misses the point. Florence Hospital never should have agreed to use withheld tax monies for anything other than paying the IRS. When Mr. Cherne and Florence Hospital conceded to Clearwater's request as to which creditors to pay, all responsible parties were willfully violating § 6672. Mr. Cherne even conceded in an email that certain creditors should be paid instead of the IRS so it is disingenuous to claim no control over the payments to creditors. He made a deliberate decision to pay other creditors while knowing the trust fund liability was outstanding – that is wilful conduct. *See Baffalow v. United States*, 109 F.3d 570, 573 (9th Cir. 1997).

For all these reasons, Mr. Cherne has failed to prove that the particular restrictions of the lock box agreement with Clearwater satisfy the encumbrance exception to § 6672. Mr. Cherne's deliberate decision not to pay the IRS its employment taxes was wilful. This is consistent with *Nakano's* discussion of wilful conduct and adoption of the stringent encumbrance exception test from *Honey v. United States,* 963 F.2d 1083, 1089-90 (8th Cir. 1992). *Nakano* at 1212.

MEMORANDUM DECISION AND ORDER - 10

## CONCLUSION

In applying the law to the undisputed facts, the Court finds Mr. Cherne was a "responsible person" pursuant to § 6672 and he wilfully failed to pay Florence Hospital's employment taxes to the IRS. Therefore, the IRS was entitled to summary judgment and Debtors' motion for summary judgment was properly denied along with the overruling of Debtor's objections to the IRS's proof of claim.

## ORDER

The August 7, 2014 Order of the Bankruptcy Court is **AFFIRMED**. Each party to bear its own costs and fees on appeal.

So Ordered.

DATED:  **September 23, 2015**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER - 11